UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JULIE MOIMEME,

Plaintiff,

-against-

JOSEPH DUNBAR, IV,
UNITED WHOLESALE MORTGAGE, LLC,
CARRINGTON MORTGAGE SERVICES, LLC and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. (MERS), as Nominee for United
Wholesale Mortgage, LLC and/or Carrington Mortgage
Services, LLC,

Defendants.

**COMPLAINT**

Civil Action No.:

---

Plaintiff, JULIE MOIMEME ("Plaintiff"), by and through her attorneys, HACKER MURPHY, LLP, brings this action against defendants JOSEPH DUNBAR, IV, UNITED WHOLESALE MORTGAGE, LLC, CARRINGTON MORTGAGE SERVICES, LLC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), and for her complaint, respectfully alleges the following:

## INTRODUCTION

1.     This is an action for partition of real property and related relief. Plaintiff and Defendant Joseph Dunbar, IV jointly own certain real property located at 21 Driftwood Drive, Albany, New York 12205, identified as SBL Section 42.20, Block 3, Lot 14 ("Real Property"). The parties hold title as tenants in common, and the property cannot be jointly possessed without prejudice. Plaintiff therefore seeks partition pursuant to RPAPL § 921, or, if partition is impracticable, a judicial sale pursuant to RPAPL § 922(3).

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and the parties are citizens of different states.

3. Plaintiff is a domiciliary and citizen of the state of Florida.

4. Defendant Dunbar is a domiciliary and citizen of the state of New York.

5. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b) because the Real Property at issue is located within this District.

6. Venue is also proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant Joseph Dunbar, IV resides within this District.

**PARTIES**

7. Plaintiff Julie Moimeme currently resides at 11771 West Atlantic Boulevard, Coral Springs, Florida (Citrus County) with a mailing address of 148 NW 79th Avenue, Margate, Florida.

8. At all relevant times, Defendant Joseph Dunbar, IV has resided at 21 Driftwood Drive, Albany County, New York.

9. Defendant United Wholesale Mortgage, LLC ("Lender") is a limited liability company with offices located at 585 South Boulevard E, Pontiac, Michigan 48341.

10. On October 3, 2022, the Lender entered into a note and mortgage with the Plaintiff and Defendant Dunbar as tenants in common, in the amount of $378,009.00, Loan No. 12225408548, FHA Case No. 371-6071721-703.

11. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), mortgagee, with a mailing address at P.O. Box 2026, Flint, MI 48501, and a street address of 1901 E. Voorhees Street, Suite C, Danville, IL 61834, is a corporation organized under the laws of Delaware and acts solely as nominee for the Lender and its successors and assigns.

12.    Defendant Carrington Mortgage Services, LLC ("Carrington") is a limited liability company with offices located at 1600 South Douglass Road, Suites 110 & 200-A, Anaheim, California 92806.

13.    Upon information and belief, on June 3, 2025, United Wholesale Mortgage, LLC transferred and/or assigned the subject mortgage loan, Loan No. 12225408548 to Carrington Mortgage Services, LLC to be known as Loan No. 4001297959.

14.    Upon information and belief, as of June 3, 2025, Carrington Mortgage Services, LLC became the servicer of the note and mortgage.

15.    Defendants United Wholesale Mortgage, LLC, Carrington Mortgage Services, LLC, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee and/or mortgagee of record, are joined herein pursuant to RPAPL § 901 as persons and/or entities having or claiming an interest in the subject real property, whether in possession, remainder, reversion, lien, or otherwise, the exact nature and extent of which interests, if any, are subordinate to the rights of the Plaintiff and are to be determined and adjudicated in this action.

16.    Plaintiff and Defendant Dunbar were never married but were previously in a personal relationship.

17.    Upon information and belief, the fair market value of the subject real property is approximately $450,000.00.

**FIRST CAUSE OF ACTION**
**(Partition of Real Property — RPAPL § 921)**

18.     Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

19.     Plaintiff and Defendant Dunbar are the titled owners, as tenants in common, of the Real Property located at 21 Driftwood Drive, Albany, New York 12205, SBL Section 42.20, Block 3, Lot 14.

20.     A true and correct copy of the deed, dated October 3, 2022 and recorded October 7, 2022 as Instrument No. R2022-23791, listing Plaintiff and Defendant Dunbar as tenants in common, is attached as **Exhibit "A"**.

21.     A true and correct copy of the mortgage identifying Plaintiff and Defendant Dunbar as Mortgagors, with MERS as nominee for United Wholesale Mortgage, in the amount of $378,009.00, recorded October 7, 2022, recorded in the Albany County Clerk's office as instrument number R202-23792.

22.     Both the Plaintiff and Defendant Dunbar own an undivided one-half interest in the Real Property.

23.     The Plaintiff and Defendant Dunbar do not own any other real property as tenants in common.

24.     Upon information and belief, there are no other necessary parties to this action.

25.     Upon information and belief, there are no general or specific liens against either the Plaintiff or Defendant Dunbar's undivided interest in the Real Property.

23.     The Plaintiff is therefore entitled to an Order and Judgment of Partition under RPAPL § 921, or, if physical partition would result in great prejudice to the parties, an order directing a judicial sale under RPAPL § 922(3).

**SECOND CAUSE OF ACTION**
(Equitable Accounting Between Co-Tenants)

24.    Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

25.    Plaintiff and Defendant Dunbar own an undivided one-half interest of the Real Property as tenants in common.

26.    As co-tenants, Plaintiff and Defendant Dunbar owe one another a duty to contribute proportionately to reasonable, necessary, and beneficial expenses incurred for the preservation, protection, and maintenance of the Property.

27.    Historically, the Plaintiff and Defendant Dunbar shared expenses associated with the Real Property.

28.    The Plaintiff has recently been exclusively paying the Lenders' mortgage on the Real Property.

29.    Upon information and belief, Plaintiff has paid more than her equitable share of carrying charges and expenses associated with the Real Property.

30.    Upon information and belief Defendant Dunbar ousted the Plaintiff from the Real Property.

31.    The Plaintiff has moved to the state of Florida.

32.    Defendant Dunbar has had exclusive possession and use of the premises without paying fair and reasonable occupancy value to Plaintiff, entitling Plaintiff to an equitable setoff upon sale.

33.    The Plaintiff and Defendant Dunbar are no longer able to agree on joint possession or use of the Real Property.

34.     Despite due demand, Defendant Dunbar has failed and refused to reimburse or contribute Defendant's proportionate share of the Property Expenses, causing Plaintiff to bear more than Plaintiff's equitable share of the financial burdens associated with the Property.

35.     Upon information and belief, Defendant Dunbar has also received, collected, or enjoyed economic benefits from the Property, including but not limited to rental income, profits, or exclusive possession, without reimbursing or accounting to Plaintiff for Plaintiff's share of such benefits.

36.     The total amounts of money paid, expenses incurred, benefits received, offsets due, and contributions owed cannot be determined without a full and formal accounting of all financial matters relating to the Property.

37.     Defendant Dunbar has been unjustly enriched by Plaintiff's disproportionate payments and by Defendant's retention of economic benefits arising from the Real Property without properly accounting to Plaintiff.

38.     Plaintiff has no adequate remedy at law, as only an equitable accounting can ascertain the precise amounts owed between the parties.

**WHEREFORE, Plaintiff respectfully demands judgment:**

A.     Granting partition of the Real Property according to the respective rights of the parties; or

B.    If partition in kind is impracticable and would cause great prejudice, directing a judicial sale of the Real Property and a division of the net proceeds between the parties according to their respective ownership interests;

C.    Plaintiff further requests an accounting and reimbursement for contributions made to the property, including mortgage payments, taxes, insurance, and maintenance, with such credits to be applied against Defendant's share of the proceeds from the sale of the property, and for a monetary judgment in the amount to be determined at trial representing Plaintiff's share of net equity and/or overpaid expenses;

D.    Awarding costs, fees, and expenses of this action; and

E.    Granting such other and further relief as the Court deems just and proper.

**Dated:  March 11, 2026**                                      **HACKER MURPHY, LLP**

By:    _____
John F. Harwick, Esq.
Federal Bar Roll #:  508156
*Attorneys for Plaintiff*
28 Second Street
Troy, NY  12180
Tel. No.: (518) 274-5820
Fax No.: (518) 274-5875
Direct No.: (518) 213-0113
jharwick@hackermurphy.com